**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH EARL PERRY, ex rel. United States of America,<br><br>Plaintiff-Appellant,<br><br> and<br><br>UNITED STATES OF AMERICA,<br><br>Intervenor,<br><br> v.<br><br>PACIFIC MARITIME INDUSTRIES CORPORATION, a California corporation; et al.,<br><br>Defendants-Appellees. | No. 17-55931<br><br>D.C. No. 3:13-cv-02599-LAB-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted February 6, 2019[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,[***] District Judge.

Joseph Perry appeals the district court's grant of summary judgment in his *qui tam* action under the False Claims Act, 31 U.S.C. § 3729, in favor of Pacific Maritime Industries Corp., Harcon Precision Metals, Inc., and John Atkinson (collectively PMI). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court correctly concluded that Perry failed to raise a triable issue of material fact as to whether PMI knowingly made a false claim regarding the compliance of the metal joiner doors with a weight limit. *See United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898–99 (9th Cir. 2017). Contrary to Perry's uninformed interpretation of certain testing documents, it remains undisputed that PMI's contract with the Defense Logistics Agency imposed no weight limit, the Navy had never interpreted Table 1 in NAVSEA Drawing No. 5959320A (Table 1) to impose a weight limit, and, due to other Navy specifications, PMI had no actual control over the final weight of the doors. Thus, Perry's conclusion that Table 1 imposed a weight limit that PMI knowingly violated was incorrect. He therefore failed to demonstrate knowing fraud. *See Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996). At most, Perry's evidence demonstrates a "disputed legal question" whether Table 1

---

[***] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

imposed a weight limit on the doors. *Id*. (citation omitted). And Perry presented no evidence that the supposed weight limit was material to the government's decision to pay PMI for the doors. *See Universal Health Servs., Inc. v. United States ex rel. Escobar (Escobar)*, 136 S. Ct. 1989, 2002–03 (2016) (The False Claims Act's "materiality standard is demanding."); 31 U.S.C. § 3729(b)(4).

2.     The district court correctly concluded that Perry failed to raise a triable issue of fact as to whether Juvenal Torres's signature on the First Article Testing (FAT) report as "Inspector" was material to the Navy's contract for the doors. *See Escobar*, 136 S. Ct. at 2003 ("Materiality . . . cannot be found where noncompliance is minor or insubstantial. . . . [I]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material."). It is undisputed that the government paid PMI for the doors and waived the contractual requirement that PMI conduct a FAT. Nor has Perry demonstrated that the government believed it had received a FAT report when it paid PMI for the doors.

**AFFIRMED**.

3